# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MICHAEL TAVONN LEWIS,**                                               **PLAINTIFF**

**V.**                                                        **NO. 4:08CV043-P-D**

**MDOC,**                                                        **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, files this complaint pursuant to 42 U.S.C. § 1983. Plaintiff states that his sentence has been incorrectly computed by prison officials and as a result he is being forced to remain in confinement longer than legally required. Plaintiff is seeking monetary damages and immediate release.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The Fifth Circuit Court of Appeals has held that a habeas corpus petition is the proper method for a prisoner to challenge the calculation of his time credits. *Whitehead v. Johnson*, 157 F.3d 384 (5th Cir. 1998). Since this petition challenges how Lewis' time credits are calculated, it should have been filed as a habeas corpus petition.

Nevertheless, it is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see*

*also, Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

There is no proof or allegation that Lewis has provided the State's highest court with a fair opportunity to pass upon the issues raised in this petition for federal habeas relief. Therefore, his petition to this court is premature and should be dismissed. Since the court has not considered the merits of Plaintiff's petition, dismissal should be without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 22nd day of April, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE